**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER PIERCE,**

                **Petitioner,**

      **v.**                                          **CASE NO. 22-3171-JWL-JPO**

**TIM EASLEY,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction and deny as moot the motion for leave to proceed *in forma pauperis* (Doc. 2). Petitioner may disregard the directives in the Notice of Deficiency docketed on August 18, 2022. (Doc. 3.)

### Background

In 1993, Petitioner pled guilty to and was convicted of aggravated robbery and kidnapping, for which he was sentenced to 30 years to life in prison. (Doc. 1, p. 1.) In his current petition

---

[1] Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

1

for federal habeas relief, Petitioner challenges these 1993 convictions, but the remainder of the form pleading he has submitted is almost entirely blank. His sole asserted basis for relief appears as Ground Four and reads "UNLAWFUL DETENTION." *Id.* at 9. An attached page alleges that Petitioner filed a case in the Kansas Supreme Court in May 2022 regarding an assault on Petitioner in prison, which he believes occurred at the direction of a Kansas Department of Corrections official.[2] *Id.* at 14. Petitioner advises that the Kansas Supreme Court has not yet taken action on his case and he asks this Court to "Remand[] Back To The Wyandotte County District Court For A Hearing." *Id.*

**Analysis**

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a successive application for habeas corpus. Since his 1993 convictions, Petitioner has filed more than 50 habeas petitions in this Court. Two of the petitions, which Petitioner filed in 2000, "were consolidated for decision and denied on the merits. He sought to appeal, but [the Tenth Circuit Court of Appeals] denied his application for a [certificate of appealability] and dismissed his appeal." *Pierce v. Waddington*, 2015 WL 3401069, *1 (10th Cir. 2015) (unpublished) (citations omitted).

In more than 30 of the federal habeas actions Petitioner has filed over the past 20 years since the resolution of the 2000 petitions, the Court has explained to Petitioner that § 2254

---

[2] The online records of the Clerk of the Kansas Appellate Courts reflect that on May 2, 2022, Petitioner filed an original petition for writ of habeas corpus with the Kansas Supreme Court. *See Pierce v. Williams*, Case No. 125,109.

challenges to his 1993 convictions are now successive and statutorily he is required to obtain authorization from the Tenth Circuit before filing in this Court a § 2254 petition related to his 1993 convictions. *See, e.g., Pierce v. Cline*, 2020 WL 6445132, *1 (D. Kan. Nov. 3, 2020) (unpublished memorandum and order) ("A prisoner may not file a second or successive action under § 2254 without first obtaining authorization from the circuit court of appeals allowing the district court to consider the petition."); *Pierce v. Nelson, et al.*, Case No. 01-cv-0318-DES, Doc. 3 (D. Kan. April 9, 2001) ("[B]efore a second or successive petition for habeas corpus may be filed in the district court, the applicant must move in the appropriate federal court of appeals for an order authorizing the federal district court to consider the petition."), *cert. of appealability denied and appeal dismissed* 16 Fed. Appx. 979 (10th Cir. 2001) (unpublished).

This requirement remains applicable. Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Once again, Petitioner has not done so. Where a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

When deciding if the interest of justice requires transfer to the Tenth Circuit for authorization to proceed on a successive

habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251. Because Petitioner is proceeding pro se, the Court will liberally construe the petition and hold it to "'less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even doing so, however, Petitioner's claim is unlikely to have merit. It does not state a claim that is properly presented in a habeas corpus action since he does not identify a ground for relief that challenges the validity of his state conviction or sentence. *See* 28 U.S.C. § 2254(a) (authorizing federal district courts to "entertain an application for a writ of habeas corpus" from a person in custody under a state-court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

Thus, the Court concludes that it would not serve the interest of justice to transfer this matter to the Tenth Circuit for possible authorization of this successive § 2254 petition. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. Because the Court lacks jurisdiction over this matter, it will deny the motion to proceed *in forma pauperis* (Doc. 2) as moot. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. Therefore, the Motion for Leave to Proceed in forma pauperis (Doc. 2), is **denied as moot.** No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 19th day of August, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge